UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HIGHLAND CDO OPPORTUNITY MASTER FUND, L.P.,<br><br>Plaintiff,<br><br>– against –<br><br>CITIBANK, N.A., CITIGROUP GLOBAL MARKETS INC., CITIGROUP GLOBAL MARKETS LIMITED, and CITIGROUP FINANCIAL PRODUCTS INC.,<br><br>Defendants. | Case No. 12 Civ. 02827 (NRB) |
| CITIBANK, N.A., CITIGROUP GLOBAL MARKETS INC., CITIGROUP GLOBAL MARKETS LIMITED, and CITIGROUP FINANCIAL PRODUCTS INC.,<br><br>Counterclaim-Plaintiffs,<br><br>– against –<br><br>HIGHLAND CDO OPPORTUNITY MASTER FUND, L.P.,<br><br>Counterclaim-Defendant, and<br><br>HIGHLAND CDO OPPORTUNITY FUND GP, L.P., and HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>Additional Defendants to Counterclaim. | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF AND COUNTER-DEFENDANTS' APPLICATION CHALLENGING CONFIDENTIALITY DESIGNATIONS**

Pursuant to paragraph 11 of the Stipulation and Protective Order so ordered by the Court on October 3, 2013 (the "Protective Order"), Defendants and Counterclaim-Plaintiffs Citibank, N.A., Citigroup Global Markets Inc., Citigroup Global Markets Limited and Citigroup Financial Products Inc. (collectively, "Citi") respectfully submit this opposition to the application of Plaintiff and Counterclaim-Defendants Highland CDO Opportunity Master Fund, L.P. ("CDO Fund"), Highland CDO Opportunity Fund GP, L.P., and Highland Capital Management, L.P. (collectively, "Highland"), asserting a blanket challenge to every document Citi has designated "Highly Confidential, For Attorneys' Eyes Only" ("AEO") under the Protective Order.

1

## INTRODUCTION

Highland brings the Application based on its purported need to show its principals and fact witnesses documents designated by Citi as AEO, even though those documents are unknown to those individuals because they did not author or receive them. Highland does not dispute that its attorneys and experts may review and analyze Citi's AEO documents for the purposes of this litigation, but the Application offers no justification – nor can it – for Highland's purported need to show the challenged documents to its principals. Thus, contrary to the conclusory claims made in the Application, the challenged AEO designations have zero effect on Highland's ability to prosecute its claims or defend against Citi's counterclaims.

The Application also mischaracterizes the AEO designation as strictly prohibiting a party from showing AEO material to its business personnel and fact witnesses. In actuality, the Protective Order allows disclosure of AEO material to such persons if (1) they agree to become parties to the Protective Order and (2) the designating party consents. Highland neglects to include this crucial detail because it has rejected, out of hand, each proposal made by Citi to negotiate broader access to certain AEO documents for Highland personnel. Highland's failure to adhere to the practical approach for resolving AEO disputes detailed in the Protective Order – *i.e.*, obtaining the designating party's consent – suggests that Highland's blanket objection to all designations is in furtherance of an effort to manufacture yet another discovery dispute. (*See* Oh Decl. ¶¶ 11-13.)[1]

The challenged documents break down into three general categories: (1) internal Citi documents reflecting internal business information and strategies; (2) documents that reflect non-

---

[1] The abbreviation "Oh Decl." refers to the accompanying Declaration of Patrick D. Oh, sworn to June 13, 2014.

public business dealings between Citi and clients other than Highland; and (3) Excel spreadsheets that were not circulated outside Citi and, because they were produced in native format, contain non-public embedded formulae and other sensitive information.[2] (Huang Decl. ¶ 3.)[3] As CDO Fund's claims concern the valuation of certain securities that were not publicly traded, documents and information about a particular market participant's analyses, assessments, views or projections concerning the value of such securities is considered to be proprietary and highly commercially sensitive. As described further below, non-public information of this type is highly confidential and could be used to the competitive disadvantage of Citi and its existing clients, many of which are Highland's competitors.

Citi respectfully submits that good cause exists for applying a heightened confidentiality restriction to documents in the above categories, and Highland's Application – asserting a blanket challenge to Citi's designations – should be denied in its entirety.

## BACKGROUND

Pursuant to paragraph 4 of the Protective Order, the parties agreed that AEO documents could be made available to the following persons upon consent by the disclosing party (in this case Citi) and if those persons agreed to become parties to the Protective Order:

> (iv)   officers, employees, and members, as applicable, of the Parties who may be necessary to assist counsel or another professional/expert retained by the Party in connection with the Litigation,
>
> (v) any witness whose testimony is requested in the Litigation by subpoena or notice (and counsel for such witness).

---

[2] To the extent that any responsive Excel spreadsheets were exchanged with Highland, Citi already has produced them with a "Confidential" (not AEO) designation under the Protective Order. Further, Citi has offered to discuss with Highland the possibility of allowing their principals and fact witnesses to review AEO Excel spreadsheets that do not contain information about other Citi customers <u>in hard copy format</u> which would eliminate the risk of disclosing embedded formulae and metadata. Highland rejected that proposal. (Oh Decl. ¶¶ 12-13.)

[3] The abbreviation "Huang Decl." refers to the accompanying Declaration of Jay Huang, sworn to June 13, 2014.

(Protective Order ¶ 3(iv)-(v); *see id.* ¶ 4.)  Thus, unlike traditional AEO designations that preclude any party representatives from ever viewing AEO documents, the parties here agreed to a less restrictive type of AEO designation that allows such access under specified conditions.

On April 29, 2014, Highland sent a letter to Citi that listed a number of specific documents Citi designated as AEO, requesting that Citi re-designate those documents as "Confidential." (Oh Decl., Ex. 13.)  On May 1, 2014, Highland sent a second letter listing production numbers for an additional set of documents that it claimed had been improperly designated as AEO.[4] (Oh Decl., Ex. 14.)

In its May 7, 2014 response to Highland, Citi agreed to re-designate certain documents that Highland had identified. (Oh Decl., Ex. 15.)  Citi also explained its position, based on the list provided, that the vast majority of remaining documents were appropriately designated as AEO because they contained sensitive information concerning non-public transactions with Citi clients, and/or because they were Excel spreadsheets that contained non-public proprietary formulae. (*Id.*)  Notwithstanding its good faith belief that the AEO designations were appropriate, in the hope of not burdening the Court with unnecessary motion practice, Citi offered to cooperate with Highland to make available to witnesses any necessary AEO documents that it had not already agreed to re-designate. (*Id.*)

On May 28, 2014, Citi reiterated its offer to reach a compromise with respect to AEO documents. (Oh Decl., Ex. 16.)  Citi again stated that it was willing to cooperate with Highland to enable Highland to show its witnesses those documents that Highland believed were necessary to the preparation of its case. (*Id.*)  In addition, Citi stated that it would be willing to consider an

---

[4] The majority of documents identified in Highland's May 1 letter were not actually designated AEO by Citi.

agreement whereby Highland could show its witnesses in hard copy format any Excel spreadsheet designated as AEO that did not contain sensitive information about other Citi clients. (*Id.*)

Highland rejected Citi's proposals, and instead filed the Application. (*Id.*) Like the letters preceding it, the Application fails to advance a single argument as to why it is necessary for Highland to show any of the challenged AEO documents to any fact witness or corporate representative, in addition to its experts, who will be fully able to analyze the data contained therein.

## ARGUMENT

Good cause exists for applying a heightened confidentiality restriction to: (1) internal Citi documents reflecting internal business information and strategies; (2) Citi's non-public dealings with clients other than Highland; and (3) internal Citi spreadsheets that were produced in native Excel format and contain non-public embedded formulae and other sensitive metadata information. Citi properly applied the AEO designation to those documents, and the Application provides no basis to override the designation.[5] *See Nat'l Envelope Corp. v. Am. Pad & Paper Co. of Del.*, No. 06 Civ. 12988 (SHS) (RLE), 2009 WL 229955, at *2 (S.D.N.Y. Jan. 30, 2009) (upholding heightened designation on document reflecting sales to customers where party challenging designation failed to demonstrate need to show document to its principals); *Reed v. Smith, Barney & Co.*, 50 F.R.D. 128, 130 (S.D.N.Y. 1970) (denying motion to compel production of financial materials because it would "unnecessarily invade the confidentiality of private stock

---

[5] Given the volume of documents that are the subject of the Application, a document-by-document showing of good cause is not feasible. Under the circumstances, good cause may be shown by describing the harm that would result from the disclosure of the categories of information designated as AEO. *See Zenith Radio Corp. v. Matsushita Elec. Indus. Co., Ltd.*, 529 F. Supp. 866, 892 (E.D. Pa. 1981) ("Grouping huge amounts of cumbersome data into manageable categories for the purpose of supporting a Rule 26(c) order is desirable from the standpoint of case management.")

transactions by individuals not involved in this litigation").[6]

### A. The AEO Documents Warrant Heightened Confidentiality

As set forth in the accompanying Huang Declaration, because the securities at issue in this litigation were privately issued and are not traded on any public market, information about a particular market participant's analyses, assessments, views or projections concerning such securities are proprietary to that entity and highly commercially sensitive. (Huang Decl. ¶ 4.) As such, absent consent or other circumstances not present here, this type of information would not typically be disclosed to other market participants because it could be used to the competitive disadvantage of the disclosing party and its existing clients. (*Id.*)

Documents and information regarding Citi's internal business information and strategies fall within this category. Internal information about Citi's present and past holdings, trading history and strategy, the identities of its counterparties, the levels at which Citi is willing to trade certain securities, and other such information is highly commercially sensitive and requires AEO treatment. (*Id.* ¶¶ 5-6.) With such information, a competitor would have greater insight and understanding of Citi's business strategies and behavior that it could use to optimize its gains on transactions with Citi and undercut Citi's interests on deals with third parties. (*Id.*)

Non-public information about Citi's dealings with other clients also poses risk of irreversible competitive harm. As is typical in markets for non-public securities, Citi

---

[6] Highland's claim that Citi has "designated any document touching on the issue of collateral valuation, seizure and disposition as AEO" (Application at 4) is demonstrably false. In fact, the vast majority of documents that Citi has produced have not been designated as AEO. Included within Citi's production are over 6,400 documents that have either been designated "Confidential" or produced without any confidentiality designation at all. (Oh Decl. ¶ 2.) Such documents include communications with Highland concerning margin calls and the valuation of the collateral, internal communications about Highland, and documents concerning the auctions. (*See* Oh Decl. ¶ 4 & Exs. 1-5.) As a result, the relevant information in most of the AEO documents Highland has challenged has already been produced to Highland in a form that can be shown to their fact witnesses and internal personnel. The distinguishing feature of the AEO documents is that, in addition to information concerning CDO Fund, they also contain information respecting other Citi customers that has nothing to do with this case. (Oh Decl. ¶¶ 5-7, 9 & Exs. 7-11.)

communicated directly with clients to obtain and provide marks and pricing information, to consummate trades, and otherwise gather information about the markets. (*Id.* ¶¶ 7-8.) The information so obtained generally is kept between the two parties and informs each party's outlook and market strategy. (*Id.*) Given that Highland and its affiliates are active in the same markets, Citi could not disclose to Highland that type of information concerning other clients without compromising Citi's (and its affected clients') business interests. (*Id.*)

Moreover, given the time period relevant in this case (late 2008 through early 2009), if the Application is granted, Highland will not only have access to the private investment strategies of its competitors – which information is entirely irrelevant to CDO Fund's claims – but also information concerning the impact of the economic crisis ongoing at the time on their competitors, which is also irrelevant to CDO Fund's claims. Because such information is highly sensitive and private, disclosure could result in embarrassment to Citi's clients and the disruption of Citi's business relationships. (*Id.*)

Similarly, embedded formulae or metadata in native Excel spreadsheets contain proprietary and commercially sensitive information because they reflect asset valuations/marks, internal accounting practices, price or bid lists, P&L reporting, market projections, and other such data pertaining to non-publicly traded securities. (*Id.* ¶¶ 9-10.) Given that Highland and its affiliates are sophisticated participants in many of the same non-public markets in which Citi transacts, disclosure of such information to Highland's officers, employees or members could have irreversible negative effects on Citi's business interests. (*Id.*)

### B. The Fact That Documents Are Several Years Old Is Inconsequential

Highland does not dispute that Citi is entitled to protect its non-public financial and

investment information. In fact, Highland has taken a more extreme position in its own production to protect such information by making wholesale redactions of material throughout its production that purportedly contain non-responsive information. Highland has thus precluded even Citi attorneys and experts from reviewing such material.[7] (Oh Decl. ¶ 14.)

**REDACTED**

**REDACTED** Highland argues that Citi is not entitled to protect its own sensitive information because that information is several years old. (Application at 7-8.) However, **REDACTED** "the disclosure of old business information is not necessarily harmless." *Grand River Enters. Six Nations, Ltd. v. King*, No. 02 Civ. 5068 (JFK), 2009 WL 222160, at *3 (S.D.N.Y. Jan. 30, 2009) (upholding order allowing defendants to withhold outdated business plans). Courts have recognized that "old business data may be extrapolated and interpreted to reveal a business' current strategy, strengths, and weaknesses" and that "in the hands of an able and shrewd competitor, old data could indeed be used for competitive purposes." *Zenith Radio Corp. v. Matsushita Elec. Indus. Co., Ltd.*, 529 F. Supp. 866, 891-92 (E.D. Pa. 1981) (upholding order protecting documents from disclosure over objection that information contained in them was stale).

Here, Highland is seeking to show their internal personnel non-public information

---

[8] **REDACTED**
Highland has refused to provide a log of any of these redactions, and by so doing effectively precluded any challenge by Citi of Highland's claims of commercial sensitivity. (Oh Decl. ¶ 14.)

concerning the historical investment decisions of their current competitors. Because such information can "be extrapolated out to the present day" to provide a competitive advantage to Highland that it otherwise would not have, good cause exists to prevent such disclosure, especially in light of Highland's conduct with its own production. *Grand River*, 2009 WL 222160 at *4 (internal quotations and citations omitted). Of course, Highland can readily share all information with its experts.

Moreover, Highland's claim that Citi is not entitled to designate *any* documents as AEO because of their age is wholly inconsistent with both the letter and the spirit of the Protective Order. Indeed, there can be no serious dispute that the parties knew, at the time the Protective Order was entered into, that because CDO Fund's claims concern events that occurred several years before CDO Fund filed this action, documents relevant to those claims would be dated several years ago. Yet, Highland *agreed* that certain of those documents could be designated as AEO based on Citi's "good faith belief" that such protection was necessary. It is entirely improper for Highland to attempt to rescind that agreement now through an improper blanket challenge to each and every AEO designation Citi has made.

### C. There Is No Risk Of Prejudice To Highland

Aside from its conclusory assertions, Highland advances no reason why showing these documents to their fact witnesses is necessary, or why not doing so would risk any prejudice. (Application at 6.) Highland employees did not author or receive the documents at issue, and there can be no credible argument that Highland needs to show its employees documents that relate to Citi's dealings with other clients or internal analyses to prepare its case. Highland also has no credible claim that documents reflecting Citi's internal assumptions that were used to

9

generate marks for the relevant collateral need to be shown to fact witnesses because the commercial reasonableness of Citi's assumptions – which CDO Fund challenges here – is not a proper subject for lay witness testimony. Rather, it is the proper subject for expert testimony and Highland's experts already have access to this material. Accordingly, insofar as it seeks the re-designation of any document as "Confidential," the Application should be denied. *See Nat'l Envelope*, 2009 WL 229955 at *2-3 (denying motion to re-designate documents where party failed to establish "the need to share [the] documents with its CEO and President").

Indeed, it is telling that Highland does not claim that any of the documents listed in the lengthy Exhibit to the Application contains unique information that is not contained in other documents that have been designated as Confidential. To the extent that any AEO documents were not circulated to Highland, and contained information about Highland *and other Citi clients* were designated AEO, the AEO designation has not deprived Highland from showing the relevant Highland-related information to its witnesses. As demonstrated in the Oh Decl., the only relevant information in numerous documents bearing an AEO designation was also produced to Highland in other documents bearing a Confidential designation. (Oh Decl. ¶¶ 5-7, 9 & Exs. 5-9, 11, 12.)

To use margin calls as an example: to the extent that a document reflected the amount of an outstanding margin call to CDO Fund only, or constituted a communication between Citi and Highland about an outstanding margin call, the Citi Parties produced that document with a Confidential designation. (Oh Decl. ¶¶ 4-7 & Ex. 6.) However, to the extent that a document reflected the same outstanding margin call to CDO Fund but also reflected outstanding margin calls to other Citi clients, Citi produced the document with an AEO designation. (Oh Decl. ¶¶ 5-7 & Exs. 7-9.) Accordingly, because the only relevant portion of the AEO document is information

10

concerning the margin call to CDO Fund, which information was separately produced under a Confidential designation, the fact of the AEO designation is not prejudicial to Highland. (*See also* Oh Decl. ¶ 9 & Exs. 5, 11, 12 (discussing numerous other examples of relevant information contained in AEO documents being duplicated in documents produced to Highland that were designated as Confidential).)

## CONCLUSION

For the foregoing reasons, the Citi Parties respectfully request that the Application be denied in its entirety.

Dated: New York, New York
       June 13, 2014

Respectfully submitted,

FRESHFIELDS BRUCKHAUS DERINGER US LLP

By:     *s/ Patrick Oh*
    Marshall H. Fishman
    Elizabeth Zito
    Patrick D. Oh
    Freshfields Bruckhaus Deringer US LLP
    601 Lexington Avenue, 31st Floor
    New York, New York 10022
    Telephone: (212) 277-4000
    marshall.fishman@freshfields.com
    elizabeth.zito@freshfields.com
    patrick.oh@freshfields.com

*Attorneys for Defendants Citibank N.A., Citigroup Global Markets Inc., Citigroup Global Markets Limited, and Citigroup Financial Products Inc.*